UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                            Plaintiff

v.                                              Criminal Action No. 3:14-cr-00110-RGJ

JAASON BOWLUS                                                       Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant Jaason Bowlus moves for a second time pursuant to 18 U.S.C. §3583(e)(1) to grant early termination of his Supervised Release. [DE 45]. The United States responded in opposition. [DE 46]. The matter is ripe and for the reasons below, Bowlus's Motion is **DENIED**.

**BACKGROUND**

Bowlus was charged with distribution of child pornography via information. [DE 18]. Bowlus used electronic mail to send 36 images of child pornography to another person. [*Id.* at 65-66]. When agents executed a search warrant on Bowlus's computers, they found data wiping software on a laptop concealed above the garage in an attic access space. [*Id.*]. Agents asked to view Bowlus's phone, but he declined. Two days later when agents returned with a search warrant for the phone, Bowlus informed agents that he lost it in the interim. [*Id.*].

Bowlus pleaded guilty pursuant to a "C" plea to a below guideline sentence of 60 months. [*Id.* at 64, 70]. His sentence was 10 months below the low end of the guidelines. He was also sentenced to a 10-year term of supervised release.

On December 16, 2024, after completing approximately 7 years of supervised release, Bowlus filed a motion for early termination of his 10-year term of supervised release. [DE 38].

1

Bowlus argued early termination was necessary to improve his employment prospects. That motion was withdrawn by Bowlus which the Court granted. [DE 43; DE 44].

Bowlus moves again for early termination of supervision. [DE 45]. He again asserts that termination will assist him in job advancement, stating that his employer "has expressed that while he values my work, the company prefers to promote individuals who are not currently on probation or parole. He encouraged me to pursue early termination of my supervised release in order to be considered a qualified candidate for these roles." [DE 45 at 150]. The United States opposes the motion and notes that the corresponding letter from his employer does not express such a requirement or discuss promotion. [DE 46 at 152].

## ANALYSIS

### I.    Standard

A sentencing court may terminate a term of supervised release "after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) ... at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

> "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." "The conjunction 'and' used in the statute clearly indicates that a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice."

*United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025) (citations omitted).

The relevant § 3553(a) factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—

2

...
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
...
(4) the kinds of sentence and the sentencing range established for—
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...
(5) any pertinent policy statement ...
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

"Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior." *United States v. Laughton*, 658 F. Supp. 3d 540, 543–44 (E.D. Mich. 2023) (quoting *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (unpublished)). Section 3583(e)(1) "does not require a finding of exceptionally good behavior before a district court may grant a motion for early termination of supervised release, though such behavior remains a relevant consideration." *Hale*, 127 F.4th at 642 (quoting *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) ("a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)"). The Guide to Judiciary Policy also outlines some factors to consider when terminating post-conviction supervision. *United States v. Roman*, No. 2:14-CR-43, 2025 WL 1311275, at *2 (S.D. Ohio May 6, 2025) (citing Admin. Office of U.S. Courts, Guide to Judiciary Policy, vol. 8, pt. E (2018), available at https://www.uscourts.gov/file/78805/download).

"[F]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United*

*States v. Givens*, No. CR 5:14-074-DCR, 2022 WL 2820081, at *1 (E.D. Ky. July 19, 2022) (quoting *McKay*, 352 F. Supp. 2d at 361). By itself, "'productive employment, while laudable, does not justify the termination of supervision.'" *Id.* (quoting *United States v. Olivieri*, 72 F. Supp. 3d 401, 403 (S.D.N.Y. 2014)). If "unblemished" post release conduct warranted termination of supervised release, then "'the exception would swallow the rule,' i.e., diligent service of the full period of supervised release imposed at sentencing." *Id.* (quoting *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)). In other words, "early termination is not warranted as a matter of course." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (citing *Lussier*, 104 F.3d at 36).

## II.    Section 3553(a) Factors

The first factor to consider is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Bowlus was convicted of distribution of child pornography via electronic mail. The agent with the FBI, Louisville Division, viewed the files confirmed that 31 of the 36 images sent by Bowlus were child pornography. Examples of the image descriptions include: "Still image of a young female, under the age of 11, wearing white sling back shoes and a white plastic necklace. She is on a couch fully nude and her legs spread, exposing her vaginal area, facing the camera;" and b) "Still image of the same young female noted above straddling a wooden table fully nude with her vaginal area exposed. Her head is tilted back with her arms open and away from her body." [DE 18 at 65].  Further, Bowlus took substantial steps to conceal his activity.  During the FBI execution of the search warrant

> a laptop was discovered above the garage in an access space to the attic and was found to contain software called C Cleaner, which is a wiping software. This software is typically used by persons wanting to conceal their activities on computers and hide what they have been viewing or hide which web sites they have been accessing on the computer.

[*Id.* at 66]. Additionally, when interviewed about child pornography, Bowlus stated that he, "doesn't do that stuff," and he denied authorities consent to view his phone. [*Id.*]. Accordingly, Bowlus's offense conduct and his attempts to conceal his behavior confirm that a lengthy term of supervised release is a crucial aspect of his sentence. The first factor thus weighs against early termination.

The second factor is "the need for the sentence imposed." 18 U.S.C. § 3553(a)(2). This factor addresses the multiple objectives of the criminal sentence, including the need "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* § 3553(a)(2)(B)–(D). The third factor is "the kinds of sentence and the sentencing range established for [Defendant's offense.]" 18 U.S.C. § 3553(a)(4). The minimum term of supervised release in this case is five years with a potential maximum term of life. 18 U.S.C. §3583(k). The Court ordered ten-year term was a lesser term than what is typically ordered in these cases, and he also received a below guideline sentence, yet Bowlus seeks to reduce the term of supervised release even further. Supervision is necessary to protect the public from someone who preyed on children and was successful at concealing a portion of his conduct. The Court finds that having Bowlus complete his term of supervised release best protects the public from further crimes and is consist with the sentencing range established for Bowlus's offense. Accordingly, the second and third factors currently weighs against early termination.

The fourth factor is "any pertinent policy statement" that is (1) "issued by the Sentencing Commission" and (2) "in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(5). The guidelines recommend a lifetime term of supervised release for a sex offense. 5D1.2(b) (Policy

Statement). Based on the guidelines, the Court finds that Bowlus should complete his ten-year term of supervised release as it is substantially below the policy statement. Therefore, the fourth factor weighs against early termination.

The fifth factor is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(6). Bowlus's supervised release term is within the range of the relevant statute, although at the low end and his sentence was a below guideline sentence. *United States v. Jeter*, 721 F.3d 746, 757 (6th Cir. 2013) ("A sentence falling within the Guidelines range is presumptively reasonable; one falling outside the Guidelines range carries no such presumption."). Because terminating Bowlus's supervised release would result in a supervised-release period substantially at the bottom of the guideline range, this factor weighs against early termination of supervised release.

The sixth and final factor is "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Bowlus was not ordered to pay restitution, so this factor is neutral.

In sum, the relevant § 3553(a) factors weigh against early termination of Bowlus's supervised-release term.

## III.    Defendant's Conduct

Section 3583(e)(1) directs courts to consider whether a defendant's conduct warrants early termination. Courts have repeatedly found that even model conduct while in prison and on supervised release is not sufficient to warrant early termination under § 3583(e)(1). *See United States v. McDonald*, No. 22-20646, 2024 WL 5337829, at *2 (E.D. Mich. Dec. 20, 2024) ("[M]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.") (quoting *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)); *see*

*also United States v. Medina*, 17 F.Supp.2d 245, 247 (S.D.N.Y. 1998) (unblemished post-incarceration conduct alone "cannot be sufficient reason to terminate the supervise release since, if it were, the exception would swallow the rule").

Bowlus has done well maintaining his residence and maintaining employment. Yet, by itself, "'productive employment, while laudable, does not justify the termination of supervision.'" *Givens*, No. CR 5:14-074-DCR, 2022 WL 2820081, at *1 (quoting *Olivieri*, 72 F. Supp. 3d at 403).

Upon release Mr. Bowlus was placed in sex offense specific treatment which he completed as successful in July 2020. However, beginning in November 2021 violations of Bowlus's computer monitoring agreement were discovered in which he was found to be viewing pornography and accessing social media accounts (Snapchat) that allow access to minors without the permission of his officer. [DE 33 at 114-115]. This violation was reported to the Court on December 8, 2021. [DE 33]. As a result of the violations Mr. Bowlus's conditions were modified to remove his computer monitoring conditions to restrict him from the internet and he was reenrolled in sex offense specific treatment. On June 22, 2023, Mr. Bowlus' conditions were once again modified, and his computer monitoring conditions were reinstated after satisfactory adjustment of his previous violations. [DE 37 at 124]. In March 2024, Mr. Bowlus successfully completed sex offense specific treatment for the second time. Since having his computer monitoring conditions reinstated there have not been any further acts of noncompliance observed when reviewing his computer monitoring data.

The conditions requiring the monitoring and restriction of Bowlus's internet use, were imposed to limit his ability to view and transmit child pornography and directly relate to the nature of his offense. *See United States v. Phillips*, 370 F. App'x 610, 621 (6th Cir. 2010) (upholding condition requiring probation-officer approval before using computers, the internet, or e-mail);

*United States v. Smith*, 564 F. App'x 200, 208 (6th Cir. 2014) (upholding computer and internet limitation requiring monitoring and parole-officer supervision). Because Bowlus has had issues in the past with violating these conditions, it does not appear that his conduct warrants early termination of supervised release.

### IV.    Interest of Justice

Section 3583(e)(1) also directs courts to consider whether the interest of justice warrants early termination. The phrase "interests of justice" is "a peculiarly context-specific inquiry," not susceptible to a "general definition." *See Martel v. Clair*, 565 U.S. 648, 663 (2012). The congressional intent behind supervised release is "to assist individuals in their transition to community life." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Consequently, "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Id.* Consistent with that legislative purpose, the AO Guide instructs courts to consider "the person's overall progress in meeting supervision objectives," which includes that the person (1) "substantially satisfied the requirements of the court order;" and (2) "demonstrates a willingness and capability to remain lawful beyond the period of supervision." AO Guide § 360.20(b)(1)-(2).

In this case, this Court concludes that the interest of justice is served by continuing the defendant on supervised release, which serves as a means of rehabilitation, as well as an important protection for the community. Finally, Bowlus's reason for the request, that he will not be qualified for a promotion, is not borne out in the documents provided by his employer. Accordingly, the interests of justice weigh against early termination.

### V. CONCLUSION

For the foregoing reasons, this Court **DENIES** the motion for early termination of supervised release. [DE 45].

8